## WALTER A. WOOD MOWING & REAPING MACH. CO. v. PEARSON.

*(Supreme Court, General Term, Fifth Department.  June, 1892.)*

EVIDENCE—DECLARATIONS OF AGENT.

An agent cannot bind his principal by declarations in regard to a contract previously entered into by the principal, and the admission of such declarations in evidence is not cured by the subsequent admission of the agent's denial thereof.

Appeal from judgment on report of referee.

Action by the Walter A. Wood Mowing & Reaping Machine Company against Robert H. Pearson.  From a judgment in favor of defendant, entered on the report of a referee, plaintiff appeals.  Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*D. Miller*, for appellant.  *D. E. Brong*, for respondent.

DWIGHT, P. J.  The action was to recover a balance of account alleged to be due from the defendant for machines, twine, and "extras" furnished to him by the plaintiff to be sold.  The principal question of fact in the case was whether the twine and extras embraced in the account were furnished to the defendant, and on his credit, or to one Pomroy, who was his partner in general business, but, as the defendant contended, dealt with the plaintiff's twine and extras on his own individual account, as the defendant himself did with the plaintiff's machines.  The referee, as appears by his opinion, found the evidence extremely conflicting, and, indeed, so far balanced that he puts his decision in favor of the defendant, not upon the ground that the defense was established by a preponderance of evidence, but solely upon the ground that there was not a preponderance of evidence in favor of the plaintiff's cause of action.  In a case so nicely balanced it is more than usually important to inquire whether any evidence was received in behalf of the defendant to which he was not entitled.  In this case a manifest error was committed in that direction, which must, we think, be fatal to the judgment.  Testimony was received, under the plaintiff's objection, of a declaration said to have been made by one Mandeville, the contracting agent of the plaintiff, to a third person, the effect of which was distinctly to charge Pomroy, and discharge the defendant from the liability in question.  Of course the declaration was incompetent evidence.  It was no part of *res gestæ*.  It was made to a third person in respect to past transactions.  The fullest authority to an agent to contract confers no power to bind the principal by subsequent declarations as to what the contract was.  There is no attempt here to justify the ruling, but the suggestion is made that the error was cured, or the exception waived, by the plaintiff's subsequently putting in evidence, without objection, Mandeville's version of the same conversation, which was to the contrary effect.  We do not see upon what principle it can be claimed that the error was thereby cured.  Its effect remained.  The referee adopted the theory of the case which was supported by the testimony objected to, and, it may be assumed, gave credit to it.  Possibly, had that testimony been absent, the nicely balanced scales might have turned in favor of the plaintiff.  The admission of incompetent evidence is ground for a new trial, unless it plainly appears that it cannot have affected the result.  For the error considered the judgment should be reversed, and a new trial granted.

Judgment reversed, and a new trial granted, with costs to abide the event.  All concur.